Samuelsen v Wollman Rink Operations LLC (2021 NY Slip Op 04196)





Samuelsen v Wollman Rink Operations LLC


2021 NY Slip Op 04196


Decided on July 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 01, 2021

Before: Renwick, J.P., Gische, Oing, Mendez, JJ. 


Index No. 150046/16 Appeal No. 14158N Case No. 2021-00756 

[*1]Diane Samuelsen, Plaintiff-Respondent,
v
Wollman Rink Operations LLC et al., Defendants-Appellants, Classic Carpet Showroom, Inc., Defendant.


Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for appellants.
Gersowitz Libo & Korek, P.C., New York (Anthony Makarov of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 8, 2021, which, upon defendants Wollman Rink Operations, LLC and The Trump Organization, Inc.'s motion to vacate the note of issue and preclude plaintiff from offering evidence of newly disclosed injuries at trial, or, in the alternative, compel further discovery from plaintiff related to newly disclosed injuries, granted defendants one additional independent medical examination (IME), and granted plaintiff's cross motion for leave to file an amended bill of particulars, unanimously modified, on the facts, to direct plaintiff to submit to additional IMEs with respect to her Alzheimer's disease diagnosis and a further examination before trial (EBT) limited to risk factors for Alzheimer's disease, and otherwise affirmed, without costs.
Although plaintiff's motion to amend her bill of particulars was made a year after she filed the note of issue, she did not seek to assert a new theory of liability. Rather, she expanded upon the traumatic brain injury and related cognitive and memory deficits alleged in her original bills of particulars (see Reed v City of New York, 304 AD2d 1, 8-9 [1st Dept 2003], lv denied 100 NY2d 503 [2003]). Moreover, plaintiff's explanation for her delay in claiming Alzheimer's disease, that her experts did not categorize her memory and cognitive deficits as Alzheimer's disease until after the note of issue had been filed, was sufficient. Any prejudice to defendants from the late amendment is properly mitigated by additional discovery (see Torres v New York City Tr. Auth., 78 AD3d 419 [1st Dept 2010]).
The motion court properly declined to vacate the note of issue, since, at the time the certificate of readiness was filed, it did not contain a material misrepresentation or error (see 22 NYCRR 202.21[e]). The court also properly declined to preclude plaintiff's newly disclosed experts from testifying at trial since plaintiff's disclosures were timely, and, rather than advancing new theories to support plaintiff's case, the experts merely interpreted plaintiff's cognitive deficits (see Haynes v City of New York, 145 AD3d 603, 606 [1st Dept 2016]; Rivera v New York City Hous. Auth., 177 AD3d 499 [1st Dept 2019]).
However, in light of the newly disclosed interpretation of plaintiff's cognitive deficits by a neuropsychologist and a neuropsychiatrist, based on their personal examinations of plaintiff, that she suffered from early onset Alzheimer's disease that may have been caused or accelerated by her traumatic brain injury, defendants are entitled to a additional IMEs by defendants' experts, a neuropsychologist and an Alzheimer's disease specialist. Defendants are also entitled to a further EBT limited to plaintiff's claim of Alzheimer's disease, and the risk factors that apply to her claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 1, 2021